UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMENIC DIMUCCIO, JR., | : | |
| Petitioner, | : | |
| | : | |
| v. | : | C.A. No. 21-cv-221WES |
| | : | |
| PATRICIA COYNE-FAGUE, | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are Petitioner Domenic DiMuccio's two motions requesting the appointment of counsel to represent him in connection with his petition pursuant to 28 U.S.C. § 2254 seeking the writ of habeas corpus. ECF No. 3, 7. The motions for counsel arise pursuant to 18 U.S.C. § 3006A(a)(2)(B), which provides that "representation may be provided for any financially eligible person who . . . is seeking relief under" 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). They have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

**I.   Background**

Petitioner[1] seeks to have counsel appointed because he alleges he is mentally incapable of preparing the forms needed to proceed in federal court, buttressed by the allegations that he has a third-grade education, can barely read or write, is mentally disabled and has suffered a traumatic brain injury that was discovered in 2014. ECF No. 5. Petitioner's handwritten filings tend to confirm these allegations. Corroborative of these allegations is an unpublished state-court

---

[1] While the motions do not directly address his financial circumstances, the Court assumes that Petitioner is financially eligible for court appointed counsel.

decision from May 2009, in connection with Petitioner's bail application in his criminal case, in which his then-attorney expressed concern with his mental competency. State v. DiMuccio, No. P1/08-3576A, 2009 R.I. Super. LEXIS 43, at *3 (R.I. Super. Ct. May 29, 2009). Plaintiff's emotional and intellectual deficiencies were also acknowledged by the Superior Court in 2020, in connection with his State post-conviction application. DiMuccio v. State, No. PM-2014-2770, 2020 WL 4905050, at *2 (R.I. Super. Ct. Aug. 12, 2020), cert. denied, No. SU-2020-239-M.P. (R.I. Mar. 1, 2021).

As grounds for seeking relief pursuant to § 2254, Petitioner alleges that he did not understand the plea agreement that he signed because it was explained to him incorrectly by his attorney. ECF No. 1 at 2. Specifically, he alleges that he was told that the total sentence was twenty years, with eighteen to serve, but that the state court imposed a sentence of thirty years. Id. In his related filings, he supplements this allegation with the claim that he was told by counsel that the "sex or kidnapping" charges were being dismissed as part of the plea, but that "the deal does not clear my name of sex assault or kidnapping charges like she told me it would." ECF No. 4 at 25.

Petitioner's sentence was imposed by the Superior Court on December 5, 2011. ECF No. 1-1; see also State v. DiMuccio, No. P1-2008-3576A (R.I. Super. Ct. Dec. 5, 2011). There is no suggestion that he took a direct appeal of his conviction. Instead, two and a half years later (on May 24, 2014), he filed a post-conviction relief application in the Rhode Island Superior Court. DiMuccio, 2020 WL 4905050, at *1; see R.I. Gen. Laws § 10-9.1-3 (post-conviction "application may be filed at any time"); Voravongsa v. Wall, 349 F.3d 1, 5 (1st Cir. 2003) (Rhode Island does not impose a time limit for post-conviction relief application). With the assistance of appointed counsel, Petitioner challenged his conviction alleging ineffective

assistance of counsel and a violation of due process due to an involuntary and unknowing plea. DiMuccio, 2020 WL 4905050, at *1. He claimed that he suffered from emotional and intellectual disabilities yet was rushed to review the terms of the State's offer and he was not aware that the suspended sentence was to run consecutive to the sentence of imprisonment. Id. at *1-2. Following an evidentiary hearing, the Superior Court rejected both claims and denied his application. Id. at *5. As described by the Superior Court, Petitioner was facing the real possibility of a life sentence; instead, based on the plea agreement, for six counts, he was sentenced to a total of twenty years for felony assault, with eighteen to serve and two years suspended, while for two counts, he was sentenced (imposed consecutively to the incarcerative sentence), to ten years suspended, to be followed by ten years of probation. Id. at *1-5; see also DiMuccio, P1-2008-3576A (R.I. Super. Ct. Dec. 5, 2011). All other counts, including all counts charging sexual assault and kidnapping, were dismissed, saving Petitioner from the unfavorable consequence of sex offender registration. DiMuccio, 2020 WL 4905050, at *1, 3. The Rhode Island Supreme Court denied certiorari on March 1, 2021.

In March 2021, Petitioner began drafting and mailing handwritten materials to this Court. After some confusion whether his intent was to file a petition for writ of certiorari in the United States Supreme Court or to file a § 2254 petition in this Court, Petitioner filed his § 2254 petition here on May 21, 2021. ECF No. 1. Five hundred fifty-four pages of material (much of it handwritten) that Petitioner has sent to the Clerk's office in connection with this matter are also now of record in his case. ECF No. 4.

**II.      Law**

There is no constitutional right to counsel in a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st

Cir. 2002). Rather, counsel may be appointed in a § 2254 action "[w]henever the United States magistrate. . . judge . . . or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether to appoint counsel, "'a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.'" Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) (quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)). To justify an appointment, the denial of counsel must result in "fundamental unfairness impinging on the party's due process rights." Forte v. Comm'r of Corr., 134 F. Supp. 3d 654, 655 (D. Mass. 2015) (internal quotation marks omitted). While the district court has discretion in making this determination, the rules governing federal habeas proceedings require the appointment of counsel for indigent petitioners when the court finds that an evidentiary hearing is warranted. Fed. R. Civ. P. § 2254 Rule 8(c). Otherwise, the habeas rules do not require the appointment of counsel in § 2254 cases. Ali v. Gerry, No. 12-cv-185-JL, 2012 WL 4848889, at *1 (D.N.H. Oct. 10, 2012).

### III. Analysis

The Court's consideration of the two factors pertinent to this determination – the petitioner's ability to represent himself and the merits and complexity of his claims – exposes a tension in the circumstances presented in this case regarding the appointment of counsel.

On one hand, there can be no doubt, and the Court so finds, that Petitioner's ability to represent himself is extremely limited. This finding strongly tips in favor of the conclusion that the interests of justice require that he be given an attorney. See Schillinger v. New Hampshire State Prison Warden, Civil No. 12-cv-423-JL, 2013 WL 1825203, at *1 (D.N.H. Apr. 30, 2013).

On the other hand, the Court's preliminary review of everything that Petitioner has filed thus far raises serious questions about the merits of the case.

To begin, considering the one-year statute of limitations for filing a federal habeas petition in 28 U.S.C. § 2244(d)(1)(A), the Court observes that it is far from clear whether Petitioner's § 2254 petition is timely. It seems that more than two years of untolled time passed after the Superior Court imposed sentence and entered final judgment on December 5, 2011, until the State post-conviction relief application was filed on May 24, 2014. The law is clear that the "statute of limitations for a federal habeas action begins to run when the judgment in the state court is 'final'" and continues running until the petitioner makes a filing that requires that it be tolled. See Pierce v. Wall, C.A. No. 01-266ML, 2011 WL 722024, at *2 (D.R.I. Jan. 28, 2011), adopted, 2011 WL 720067 (D.R.I. Feb. 22, 2011). A state's more liberal rules for the timing of the filing of a post-conviction petition does not extend the federal one-year limitations period. Id. If the federal one-year period ran out after the Superior Court judgment became final, extended by the time for direct review,[2] 28 U.S.C. § 2244(d)(1)(A), which it appears it did because it was not tolled by the filing of a direct appeal or by any other filing, Petitioner's § 2254 petition must be dismissed. Pierce, 2011 WL 722024, at *3.

Also troubling with regard to the merits, Petitioner's claim seems to be grounded in two beliefs about how he misunderstood the plea agreement that formed the basis for his sentence. First, he asserts he agreed to a twenty-year sentence, not the thirty-year sentence that the Superior Court imposed; and, second, he contends that he understood (wrongly) that he was being cleared of the claims of sexual assault and kidnapping. Yet it is clear that his incarcerative sentence was twenty years, with eighteen to serve, and that the additional sentence of ten years to

---

[2] Petitioner had twenty days after the entry of judgment to file his appeal. R.I. Sup. Ct. Art. I, Rule 4(b). Judgment entered on December 5, 2011. DiMuccio, No. P1-2008-3576A (R.I. Super. Ct. Dec. 5, 2011).

5

run consecutively <u>was suspended</u>; similarly, it is clear that all counts charging sexual assault and kidnapping <u>were</u> dismissed. <u>DiMuccio</u>, 2020 WL 4905050, at *1, 3. Moreover, based on the testimony and evidence presented at the evidentiary hearing, including the transcript of the plea hearing,[3] the Superior Court made the factual findings that the consecutive suspended sentence was explained to Petitioner by his trial attorney and was clearly stated on the record by the trial justice; that despite his mental impairments, Petitioner understood what was going on; and that the dropped charges (particularly the sexual assault counts) would benefit Petitioner by allowing him to avoid sex offender registration upon release. <u>DiMuccio</u>, 2020 WL 4905050, at *2-3. Further, the Superior Court found that the acceptance of this plea allowed Petitioner to avoid the very real threat of a life sentence if he was convicted following a trial. <u>Id.</u> at *3.

With a decision largely anchored in factual findings, it is difficult to discern how Petitioner can overcome the well-settled proposition that "federal courts ordinarily must presume that all of a state court's factual findings are correct, unless the petitioner has rebutted that presumption with clear and convincing evidence." <u>Cabral-Varela v. Rodrigues</u>, Civil No. 20-11073-LTS, 2020 WL 7056009, at *4 (D. Mass. Dec. 2, 2020), <u>appeal dismissed</u>, No. 21-1008, 2021 WL 2945601 (1st Cir. Feb. 23, 2021). Nor does it appear that the State's adjudication "was contrary to" clearly established federal law, involved an "unreasonable application" of clearly established federal law, or was based on an "unreasonable determination of the facts in light of the evidence presented," as it must to obtain § 2254 relief. <u>Erskine v. Maine</u>, No. 1:08-cv-00313-B-W, 2008 WL 4905480, at *2 (D. Me. Nov. 12, 2008) (quoting 28 U.S.C. § 2254(d)), <u>aff'd</u>, 2008 WL 5093811 (D. Me. Dec. 1, 2008). That is, it does not appear that the merits of the

---

[3] The Court notes that, during the plea colloquy (held as the case was about to proceed to trial), Petitioner listened to a clear and accurate description of the sentence and a detailed recitation of the underlying facts; he acquiesced to all of it. ECF No. 4-6 at 95-101. As the end of the plea hearing, in response to the question whether he had anything to say before sentence was imposed, Petitioner volunteered: "Just glad that we could all work this out." <u>Id.</u> at 105.

arguments and allegations in Petitioner's filings are going to be enough to vault him over the high bar set for federal habeas relief.

In short, the petition does not appear to have sufficient merit to give rise to fundamental unfairness if counsel is not appointed. Nor does it appear, at least at this early stage, that an evidentiary hearing will be necessary. The Court now has directed that the State respond to the petition. Text Order of Aug. 6, 2021. After the State has done so, the Court may, *sua sponte* or based on Petitioner's renewal of the motion for counsel, reconsider all of the circumstances then pertaining to determine whether the balance has tipped in favor of appointment of an attorney. For now, based on the Court's examination of the petition and all of Petitioner's more-than five hundred pages of filed materials, the Court finds that it is premature to determine that this petition presents a claim with the requisite merit to justify the appointment of counsel, despite Petitioner's limited ability to represent himself.

## IV.   Conclusion

Based on the foregoing, because the interests of justice do not require appointment of counsel at this time, Petitioner's motions for appointment of counsel (ECF No. 3, 7) are denied without prejudice. The Court will reexamine this determination after the Respondent's response has been filed.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 12, 2021